IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3002-D

AVENGER DON RIDGEWAY, )
)
         Plaintiff, )
)
v. ) **ORDER**
)
JON DAVID, )
)
         Defendant. )

On February 5, 1999, in Columbus County Superior Court, Avenger Don Ridgeway ("Ridgeway" or "plaintiff") "was tried non-capitally and convicted of second-degree murder and determined by the jury to be an habitual violent felon. [Ridgeway] was sentenced to from 251–311 months [sic] imprisonment and life without parole, respectively." Ridgeway v. Lee, No. 5:02-HC-896-H, [D.E. 11] 2 (E.D.N.C. Dec. 18, 2003) (unpublished). On January 3, 2012, Ridgeway, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Compl. [D.E. 1]. Ridgeway seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On April 5, 2012, Ridgeway filed a motion for default judgment [D.E. 5]. Ridgeway failed to sign the motion, and on April 23, 2012, he refiled the motion in response to an order by Magistrate Judge William A. Webb [D.E. 6–7]. On May 1, 2012, Ridgeway filed a motion for service [D.E. 8].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a), (b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and

include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Ridgeway asserts "that former and local District Attorneys Rex Gore and [defendant] Jon David . . . [are] depriving [Ridgeway] of his constitutional right to due process of law by denying him the biological evidence that could corroborate[] his innocence . . . . Plaintiff wish[es] to sue for and obtain DNA evidence that went untested at the original prosecution and [was] related to the

2

investigation in 1997." Compl. 3–4. Ridgeway seeks injunctive relief in the form of "an attorney to subpoena documents and witnesses . . . that came in . . . contact with the evidence that plaintiff wants tested" and testing of forensic evidence. Id. 4, 8. It appears Ridgeway has a pending motion in state court seeking DNA testing, but contends that the state court "has neglected to entertain the DNA motion . . . ." Id. 5.

It does not clearly appear from the face of the complaint that Ridgeway is not entitled to relief. See Skinner v. Switzer, 131 S. Ct. 1289, 1298–99 (2011). Thus, the court allows the matter to proceed. However, as for Ridgeway's motion for default judgment [D.E. 5], the motion is premature. An entry of default shall be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In this case, no defendant's answer is due until 21 days after the defendant has been served with the summons and complaint. Fed. R. Civ. P. 12(a)(1). Defendant has not been served in this case. See 28 U.S.C. § 1915(d). Because no answer is yet due, Ridgeway's motion for default judgment [D.E. 5] is denied.

In sum, the court allows plaintiff's claim to proceed, and DENIES plaintiff's motions for default judgment and service [D.E. 5, 8]. The clerk is DIRECTED to maintain management of this action.

SO ORDERED. This 9 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge